UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE CEBALLOS, a/k/a "2Low,"<br><br>Defendant. | CR. 19-50137-JLV<br><br><br>ORDER |

## INTRODUCTION

Pending before the court is defendant's motion to suppress.   (Docket 27).   The United States opposes defendant's motion.   (Docket 32).   Defendant's motion was referred to Magistrate Judge Daneta Wollmann for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's April 1, 2018, standing order.   An evidentiary hearing was held. (Dockets 45 & 47).   Magistrate Judge Wollmann issued a report and recommendation ("R&R").   (Docket 49).   The magistrate judge recommended the defendant's motion to suppress be denied.   Id. at pp. 1 & 21.   Mr. Ceballos timely filed objections to the R&R.   (Docket 51).   For the reasons stated below, the defendant's objections are overruled and the R&R is adopted consistent with this order.

## DEFENDANT'S OBJECTIONS

The defendant's objections to the R&R are as follows:

1.   Defendant objects to the finding that law enforcement's encounter with the vehicle was a stop.   (Docket 51 at p. 1) (capitalization and bold omitted);

2.   Defendant objects to the magistrate's finding that the arresting officers, Sergeant Swets and Trooper Griffiths, were credible.   Id. at p. 2 (capitalization and bold omitted);

3.   If the encounter was a stop, it was not a valid stop.   Id. at p. 3 (capitalization and bold omitted); and

4.   Defendant objects to the report finding that the arrest and search were constitutional.   Id. at p. 4 (capitalization and bold omitted).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   Id.   The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   Id.   See also Fed. R. Crim. P. 59(b)(3).   The court completed a *de novo* review of those portions of the R&R to which objections were filed.

## ANALYSIS

The court completed a *de novo* review of the transcript of the suppression hearing and the exhibits admitted at the hearing.   Unless otherwise indicated, the court's findings of fact are consistent with the findings made by the magistrate judge.

2

## ENCOUNTER WITH THE VEHICLE WAS A STOP

Defendant submits the magistrate judge finding that the vehicle, in which Mr. Ceballos was a passenger, was stopped by law enforcement when they "activated their lights" was an error.   (Docket 51 at pp. 1-2) (internal citation omitted).   Instead, Mr. Ceballos contends the vehicle was in the process of stopping and was "almost" stopped when the law enforcement lights "were activated."   Id. at p. 2.   He argues "[i]t is clear that the vehicle did not stop in response to a law enforcement command nor did law enforcement compel it to stop."   Id.   "Because law enforcement did not make a 'stop' of the vehicle," defendant asserts "the ensuing search and seizure violated Defendant's Fourth Amendment right against unreasonable search and seizure."   Id.

Mr. Ceballos does not identify how his Fourth Amendment rights were violated if law enforcement did not effectuate a stop of the vehicle.   Id.   It is not a constitutional violation for law enforcement to approach a vehicle stopped at a curb or at the end of a dead-end driveway, so long as law enforcement has a reasonable suspicion that the occupants of the vehicle may be engaged in criminal activity.   This is commonly referred to as a "Terry stop," after Terry v. Ohio, 392 U.S. 1 (1968), which is "a semi-arrest that is lawful under the Fourth Amendment if but only if the officers had a 'reasonable suspicion supported by articulable facts' that the persons stopped were engaged in criminal activity." United States v. Ornelas-Ledesma, 16 F.3d 714, 716 (7th Cir. 1994) (citing

3

United States v. Sokolow, 490 U.S. 1, 7 (1989)).   See also Ornelas v. United States, 517 U.S. 690, 693 (1996) ("An investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion, Terry . . . 392 U.S. 1 . . . (1968)[.]").

The court finds the suppression hearing evidence supported the magistrate judge's finding that "[a]lthough the vehicle began to pull over without being compelled by law enforcement, . . . the encounter constitutes a stop because law enforcement activated their lights as the vehicle was nearing the end of that driveway."   (Docket 49 at p. 11) (internal quotation marks and brackets omitted) (citing Docket 47 at p. 75:21-23).   South Dakota Highway Patrol Sergeant Swets testified he "activated [his] lights as they were nearing the end of that driveway."   (Docket 47 at p. 75:21-23).   This is a clear indication that Sergeant Swets lights "were activated *before* the vehicle came to a complete stop."   (Docket 49 at p. 11) (emphasis in original).

Defendant's first objection to the R&R is overruled.

OFFICERS' CREDIBILITY

Defendant objects to the magistrate judge's findings that both Sgt. Swets and Trooper Griffith were credible.   (Docket 51 at pp. 2-3).   Mr. Ceballos' objection is premised primarily on the fact both officers admitted under oath that they lied to the driver, Aurora Martinez, and Mr. Ceballos about the reason for the stop of the vehicle.   Id.   Additionally, the defendant submits Trooper "Griffiths was not credible . . . because he perpetuated the false pretenses of

4

the traffic stop and . . . issu[ed] a warning ticket for a violation that he admitted he did not observe." Id. at p. 3.   Mr. Ceballos argues "[b]oth officers plainly demonstrated their willingness to speak falsely 'to protect the investigation,' and their carefully rehearsed testimony shows they were willing to do so at the hearing." Id.

The court reviews the magistrate judge's credibility findings *de novo*. United States v. Lothridge, 324 F.3d 599, 600-01 (8th Cir. 2003); Taylor v. Farrier, 910 F.2d 518, 521 (8th Cir. 1990).   The court is not required to "rehear the contested testimony[.]" United States v. Raddatz, 447 U.S. 667, 674 (1980).   In weighing the officers' credibility, the court reviewed the suppression hearing transcript and suppression hearing exhibit 2, Sgt. Swets' dash camera video from the vehicle stop.   The court concurs in the magistrate judge's credibility determinations.

1.   Sergeant Swets

During the suppression hearing, Sgt. Swets testified he initially advised Mr. Ceballos he was being stopped for speeding.   (Docket 47 at p. 76:16-17). Sgt. Swets admitted this was not a true statement, as he was intending "to protect the investigation . . . so that we didn't reveal that we were stopping him due to an ongoing drug investigation, in case we did not locate narcotics and then would reveal the investigation." Id. at p. 76:18-21.

Sgt. Swets was not required to be truthful with Mr. Ceballos during the stop.   See Frazier v. Cupp, 394 U.S. 731, 739 (1969) (police deception

"relevant" but "insufficient" to render confession involuntary); United States v. Spivey, 861 F.3d 1207, 1214 (11th Cir. 2017) ("The Fourth Amendment allows some police deception[.]").   Moreover, Sgt. Swets' deception did not extend into the legal proceedings; both he and government counsel were honest with defense counsel and the court that the speeding allegation was a lie.   That Sgt. Swets lied to the defendant during the stop do not show his untrustworthiness as a witness on the stand.

Sgt. Swets gave a believable rationale for his on-scene lie.   He explained that justifying a stop on the basis of a traffic violation protects the integrity of the drug investigation.   (Docket 47 at p. 76:18-21).   The court finds Sgt. Swets testified credibly at the suppression hearing.

Defendant's second objection as it relates to Sgt. Swets is overruled.

2.   Trooper Griffiths

Defendant submits "[Trooper] Griffiths was not credible . . . because he perpetuated the false pretenses for the traffic stop and actually furthered the false pretense by issuing a warning ticket for a violation that he admitted he did not observe."   (Docket 51 at p. 3).   Like Sgt. Swets, Trooper Griffiths was not required to be truthful to Mr. Ceballos.   Frazier, 394 U.S. at 739; Spivey, 861 F.3d at 1214.   Trooper Griffiths' deception did not extend into his testimony at the suppression hearing.   During the hearing, Mr. Ceballos did not challenge Trooper Griffiths about the false warning ticket for speeding which he issued to the driver.   (Docket 47 at pp. 117:25-118:14).

6

The magistrate judge found Trooper Griffiths' "testimony . . . to be credible." (Docket 49 at p. 6). The court finds Trooper Griffiths testified credibly at the suppression hearing.

Defendant's second objection as it relates to Trooper Griffiths is overruled.

STOP WAS CONSTITUTIONAL

Defendant argues "[w]ithout a lawful traffic stop law enforcement could not conduct a constitutional search and seizure in these circumstances. Without having observed a violation of law or having a reasonable, articulable suspicion of criminal activity – law enforcement conducted an unreasonable warrantless search and seizure violative of the Fourth Amendment." (Docket 51 at p. 4). Mr. Ceballos contends a valid stop under Terry must be based "upon [the] personal observations of the police officer [,]" and "there was no personal observation of illegal conduct on the part of the driver or passenger in the vehicle that was stopped." Id.

The underlying drug investigation provided reasonable suspicion to stop the vehicle.

> A traffic stop is a seizure within the meaning of the Fourth Amendment and, as such, must be supported by reasonable suspicion or probable cause. A law enforcement officer has reasonable suspicion to conduct an investigatory stop when the officer is aware of particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed.

7

United States v. Williams, 929 F.3d 539, 544 (8th Cir. 2019) (internal quotations, citations and alteration omitted).   A stop "may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication."   United States v. Edwards, 891 F.3d 708, 711-12 (8th Cir. 2018) (internal quotation omitted). The United States Court of Appeals for the Eighth Circuit has upheld stops where the officer on scene knew nothing but that investigators wanted the vehicle stopped.   United States v. Robinson, 664 F.3d 701, 703-04 (8th Cir. 2011); United States v. Jacobsen, 391 F.3d 904, 907 (8th Cir. 2004).

The magistrate judge summarized "the facts [which] clearly rise to the level of reasonable suspicion[.]"   (Docket 49 at p. 13).   That summary need not be restated in this order.   See id. at pp. 13-15.

The court finds law enforcement had reasonable suspicion, based on the totality of the investigation, to stop the vehicle in which Mr. Ceballos was a passenger.   Edwards, 891 F.3d at 711-12.   That reasonable suspicion included a belief "the vehicle was carrying illegal substances from Denver for distribution in South Dakota."   (Docket 49 at p. 15).

Defendant's third objection is overruled.

ARREST AND SUBSEQUENT SEARCH WERE CONSTITUTIONAL

Defendant argues "[l]aw enforcement prematurely and illegally seized, searched and arrested [him] on September 10."   (Docket 51 at p. 6).   He

8

claims "law enforcement did not meet the more rigorous standard of probable cause because they admitted [they] did not observe any violation of law or crime committed by [defendant] prior to the illegal search and seizure."  Id.

The evidence developed at the suppression hearing was that "Sergeant Swets observed a snort tube sticking out of a purse in the backseat of the vehicle. . . . [And] also testified to the odor of heroin emanating from the vehicle."  (Docket 49 at p. 15; see also Docket 47 at p. 77:20-23).   Once Trooper Griffiths reported that the driver, Ms. Martinez, possessed a snort tube on her person, Sgt. Swets removed Mr. Ceballos from the vehicle and "placed him in handcuffs."  Id.; see also Docket 47 at p. 80:1-7.

"Probable cause for an arrest exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed."  United States v. Rivera, 370 F.3d 730, 733 (8th Cir. 2004) (referencing United States v. Wajda, 810 F.2d 754, 758 (8th Cir. 1987)).   Again, in addition to the personal observations made by the arresting officer, probable cause "may be based on the collective knowledge of all law enforcement . . . if there is some degree of communication."  Edwards, 891 F.3d at 711-12.   "The standard is not a high bar, and it requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  Id. at 711 (citing District of Columbia v. Wesby, ____ U.S.____, 138 S. Ct. 577, 586 (2018) (internal quotation marks omitted)).   The court must "evaluate probable cause not from the perspective

of an omniscient observer, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer."   Rivera, 370 F.3d at 733.

In addition to his personal observations at the stop, Sgt. Swets regularly participated in the Unified Narcotics Enforcement Team briefings and was "aware of [Mr. Ceballos'] name and the ongoing investigation concerning him."   (Docket 47 at p. 71:14-15).   The court concurs with the magistrate judge's finding that the defendant's arrest was supported by probable cause. (Docket 49 at p. 18) (referencing United States v. Chartier, 772 F.3d 539, 545 (8th Cir. 2014) ("Probable cause exists at the time of arrest if the totality of the circumstances known to the officers involved is sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense.").

Once Sgt. Swets made a lawful arrest of the defendant, the search of his person was constitutional.   "As a general matter, in a search incident to arrest, police officers are allowed to search not only an arrestee's person for weapons, but also for evidence[.]"   Basham v. United States, 811 F.3d 1026, 1028 (8th Cir. 2016).

Defendant's fourth objection is overruled.

### ORDER

Based on the above analysis, it is

ORDERED that defendant's objections (Docket 51) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 49) is adopted consistent with this order.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket 27) is denied.

IT IS FURTHER ORDERED that a scheduling order shall be issued forthwith.

Dated July 21, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

11